# EXHIBIT 1

# EXHIBIT 1

**Electronically Filed**
**10/2/2023 2:41 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**COMP**
NEAL K. HYMAN, ESQ.
Nevada State Bar No. 5998
**LAW OFFICES OF NEAL HYMAN**
9480 S. Eastern Avenue, Suite 224
Las Vegas, NV 89123
Telephone: 702 477-0042
Facsimile: 702 477-0227
neal@nealhyman.com
www.nealhyman.com
Attorneys for Plaintiff

CASE NO: A-23-878791-C
Department 14

DISTRICT COURT

CLARK COUNTY, NEVADA

* * *

RICKEY OLIVER LOFTON, JR., an individual,    )    **COMPLAINT**
                                             )
                    Plaintiff,               )    CASE NO.:    _____
                                             )    DEPT. NO.:   _____
        vs.                                  )
                                             )
TESLA, INC., a Delaware corporation; DOE     )
INDIVIDUALS 1-10 and ROE BUSINESS OR         )
GOVERNMENTAL ENTITIES 1-10, inclusive,       )
                                             )
                                             )
                    Defendants.              )
_____     )

COMES NOW, Plaintiff, RICKEY OLIVER LOFTON, JR., by and through his counsel,

NEAL K. HYMAN, ESQ. and LAW OFFICES OF NEAL HYMAN, and hereby complains and

alleges as follows:

**I. PARTIES**

1.    Plaintiff, RICKEY OLIVER LOFTON, JR. ("Plaintiff"), is and was, at all relevant

times herein, a resident of Clark County, State of Nevada.

2.    Plaintiff is informed, believes and thereon alleges that Defendant TESLA, INC., was

and is a Delaware corporation formed and existing under the laws of the State of Delaware, and

conducting substantial and continuous business in the County of Clark, State of Nevada, and it

maintains offices in Clark County, Nevada.

/ / /

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

3.      Defendant TESLA, INC.; DOE INDIVIDUALS 1-10 and/or ROE BUSINESS AND/OR GOVERNMENTAL ENTITIES 1-10, inclusive, are collectively and hereinafter referred to as "Defendant" or "Tesla."

4.      That the true names and capacities, whether individual, corporate, associate, or otherwise of Defendant DOE INDIVIDUALS 1-10 and/or ROE BUSINESS AND/OR GOVERNMENTAL ENTITIES 1-10, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereupon alleges, that the Defendants designated herein as a DOE and/or ROE CORPORATION, are any one of the following:

A      Parties responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to Plaintiff as herein alleged;

B.      Parties that were the agents, servants, employees, representatives, subcontractors, independent contractors, officers, owners, managers, officers, subsidiaries, parent companies and/or contractors of the Defendant, each of them acting within the course and scope of their agency, employment, or contract;

C.      Parties that hired, screened, trained or supervised or managed employees of Defendants  (due to NRCP 11, all potentially responsible parties have not been named herein, but Plaintiff reserves his right to seek leave to amend this Complaint to name them at a later date once facts and evidence are obtained);

D.      Parties that employed Plaintiff and/or employees/agents of Defendants; and/or

E.      Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer, or otherwise.

Plaintiff specifically complains and alleges a cause of action against the specific entity, persons or entities, that owned, leased, managed, employed, supervised, insured, operated, financed, or secured Defendants herein and more fully described herein below.  However, as of the filing of this Complaint, Plaintiff is not sure as to whether those entities are individuals, a partnership, a limited partnership, a corporation, an association of individuals and business, a company, or some

- 2 -

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

1   other form of business ownership.  When the same have been ascertained by Plaintiff, together with

2   the appropriate charging allegations, Plaintiff will ask leave of this Court to amend this Complaint

3   to insert the true names and capacities of said Defendants, DOE INDIVIDUALS 1-10 and/or ROE

4   BUSINESS AND/OR GOVERNMENTAL ENTITIES 1-10, inclusive and join such Defendants in

5   this action.

6       5.   That at all time mentioned in this Complaint, Defendants, and each of them, were the

7   agents, servants, partners, independent contractors, representatives or employees of each and every

8   other Defendant; were acting within the course and scope of their agency, partnership and

9   employment; were acting severally or jointly; and/or were acting in concert with each other and as

10  joint tortfeasors.

## II.  JURISDICTION AND VENUE

12      6.   Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this

13  point and incorporate them herein by this reference.

14      7.   The Eighth Judicial District Court has jurisdiction over this action as the amount in

15  controversy exceed $15,000.00, Plaintiff is a resident of Clark County, Nevada, Defendant has local

16  offices in Clark County, Nevada, and does substantial business there.   Further, the

17  contract/agreement was negotiated and entered into in Clark County, Nevada, and was performed,

18  or to be performed, in Clark County, Nevada.  Venue is proper in the Eighth Judicial District Court.

## III.  GENERAL ALLEGATIONS

20      8.   Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this

21  point and incorporate them herein by this reference.

22      9.   Defendants recruited Plaintiff in 2020, and had him terminate employment with

23  Nevada Energy so he could work for Tesla, and he would receive valuable stock periodically.  After

24  he gave his notice at Nevada Energy, Tesla (through Nicole Miles) informed Plaintiff he would not

25  be hired as the employment offer was rescinded (he was not eligible for Covid unemployment

26  benefits).  This occurred during the Covid pandemic.  He was later recruited (in September 2020)

27  again and hired, and was promised more stock.  Due to Plaintiff's prior experience and background

28  with Nevada Energy and other places of employment, he was offered higher salary and more

1   stock/benefits.

2       10.    By February of 2021, Plaintiff was number one for his team in energy with 57 solar

3   sales per month.  On March 15, 2021, he was offered to switch over to Tesla vehicle sales while the

4   rest of the Tesla energy team was being forced to relocate to Utah.  Six members on Plaintiff's team

5   were weeks away from being paid out on their stock.  Those unwilling to relocate were forced to take

6   severance.  Plaintiff had not officially accepted a position with auto sales and was offered the

7   relocation paperwork for Utah.  His manager (Sal Martinez) was working to ensure he would be able

8   to stay in Las Vegas (Plaintiff's desire).  At the time, he was still on the energy side of Tesla and was

9   told to continue working until his transfer went through.

10       11.    Plaintiff's manager (Sal Martinez) wrote on his behalf:

11   Rick has been on my team since September of 2020 as inside sales advisor.  His
growth over that period has been exceptional and should be noticed and commended.

12   He's grown into one of our top order producers since the beginning of 2021.  Day to
day, Rick displays incredible enthusiasm, positivity, and most importantly a strong

13   work ethic which shows as a strong example to his teammates.

14       12.    On October 13, 2021, Plaintiff was terminated (along with others) just days prior to

15   paying him stock.  When hired, Plaintiff was promised stock after one year of employment, but Tesla

16   erroneously pushed back his stock vesting date.  He was hired September 28, 2020, and was given

17   stock in lieu of solar sales commissions.  His stock vesting date was erroneously recorded later than

18   his actual (annual) vesting date.  His actual stock vesting date was September 28, 2021.  As such,

19   his first year of stock options should have been paid out on the date of his termination, which was

20   October 13, 2021 (past his one year anniversary date).  This means Plaintiff's stock options were

21   vested when he was wrongfully terminated.  Plaintiff is informed and believes and thereon alleges

22   this was done so Tesla could avoid paying him and others stock options/benefits/salaries, etc. as

23   promised.  Plaintiff was suspiciously terminated just days before the erroneous vesting date lapsed.

24   Plaintiff's correct stock vesting date was September 28, 2021 (he was terminated October 13, 2021).

25   The value of the vested stock on October 13, 2021, was $30,009.96.

26       13.    Plaintiff tried to resolve this dispute with Tesla, and letters were sent to Human

27   Resources and Elon Musk.  His E-Trade account, which should have had $30,009.96 worth of stock

28   in it, showed no stock/funds (they were summarily deleted).  Due to this suspicious behavior,

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

- 4 -

1  Plaintiff requested a copy of all documentation related to his employment with Tesla, including but

2  not limited to: all employment records, all termination records, copies of all retirement related

3  documents (stocks/funds in his E-Trade account), his performance records, his sales records, his

4  wage/compensation/benefits records, etc.  Plaintiff asked that the deleted funds/stocks ($30,009.96

5  worth) be restored to his E-Trade account.  The stocks were not returned, nor was he given the

6  employment records requested.  Defendant engaged in conversion.

7  14.  Tesla made major misrepresentations to Plaintiff about stocks and when they vest,

8  Tesla applied an erroneous vesting date and terminated Plaintiff just days before it lapsed and the

9  vested stock (valued at $30,009.96) was improperly deleted from his E-Trade account.

10  15.  That the aforementioned conduct, acts and/or omissions of Defendants by their

11  employees, agents or independent contractors, were committed while in an agency, ostensible

12  agency, employ, joint venture, partnership or assignment and, therefore, Defendants are vicariously,

13  contractually, statutorily (see NRS 41.130), or otherwise responsible for the acts, conduct and

14  omissions of Defendants' employees, agents or independent contractors, and each of them.

15  16.  At all relevant times herein, all of Plaintiff's claims and causes of action were brought

16  within the applicable statutes of limitation.

17  17.  As a proximate result of Defendants' actions and conduct, Plaintiff has sustained

18  damages in excess of $15,000.00, including but not limited to: lost employment, lost income, lost

19  wages, lost economic advantage, lost business opportunities, lost benefits, lost seniority, lost earning

20  capacity, lost stock/stock options and lost bonuses/promotions.

21  18.  As a proximate result of Defendants' actions and conduct, Plaintiff has suffered

22  injuries, including but not limited to: emotional distress, mental anguish, lost sleep, stress, anxiety

23  and other types of emotional injury.

24  19.  As a proximate result Defendants' actions and conduct, Plaintiff has been forced to

25  secure inferior employment, for less pay and benefits, with less satisfaction and sense of

26  accomplishment, with work assignments and tasks which  require more physical and mental stress.

27  20.  The acts, conduct or omissions as alleged herein constitute  intentional, knowing,

28  willful, oppressive, reckless or malicious acts/omissions by Defendants,  such as to constitute

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

- 5 -

1    despicable conduct, or oppression, fraud, conscious disregard or malice and such conduct legally

2    entitling Plaintiff to recover an award of punitive damages.

3        21.    That Plaintiff has secured the services of LAW OFFICES OF NEAL HYMAN in order

4    to prosecute this action and Plaintiff is entitled to reasonable attorney's fees and costs incurred and

5    prejudgment interest.

6        22.    That as a direct result and proximate result of the aforesaid conduct of Defendants,

7    Plaintiff has incurred all of the injuries and damages as alleged herein.

8        23.    Plaintiff incorporates by reference, as if set forth herein, the particular statement of

9    damages described in the prayer for relief.

**IV.  FIRST CLAIM FOR RELIEF**

**(Breach of Employment Contract/Agreement)**

12        24.    Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this

13    point and incorporate them herein by this reference.

14        25.    Defendants recruited Plaintiff in 2020, and had him terminate employment with

15    Nevada Energy so he could work for Tesla, and he would receive valuable stock periodically.  After

16    he gave his notice at Nevada Energy, Tesla (through Nicole Miles) informed Plaintiff he would not

17    be hired as the employment offer was rescinded (he was not eligible for Covid unemployment

18    benefits).  This occurred during the Covid pandemic.  He was later recruited (in September 2020)

19    again and hired, and was promised more stock.  Due to Plaintiff's prior experience and background

20    with Nevada Energy and other places of employment, he was offered higher salary and more

21    stock/benefits.

22        26.    By February of 2021, Plaintiff was number one for his team in energy with 57 solar

23    sales per month.  On March 15, 2021, he was offered to switch over to Tesla vehicle sales while the

24    rest of the Tesla energy team was being forced to relocate to Utah.  Six members on Plaintiff's team

25    were weeks away from being paid out on their stock.  Those unwilling to relocate were forced to take

26    severance.  Plaintiff had not officially accepted a position with auto sales and was offered the

27    relocation paperwork for Utah.  His manager (Sal Martinez) was working to ensure he would be able

28    to stay in Las Vegas (Plaintiff's desire).  At the time, he was still on the energy side of Tesla and was

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

- 6 -

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

1 told to continue working until his transfer went through.

2     27.     Plaintiff's manager (Sal Martinez) wrote on his behalf:

3 Rick has been on my team since September of 2020 as inside sales advisor. His growth over that period has been exceptional and should be noticed and commended.

4 He's grown into one of our top order producers since the beginning of 2021. Day to day, Rick displays incredible enthusiasm, positivity, and most importantly a strong

5 work ethic which shows as a strong example to his teammates.

6     28.     On October 13, 2021, Plaintiff was terminated (along with others) just days prior to

7 paying him stock. When hired, Plaintiff was promised stock after one year of employment, but Tesla

8 erroneously pushed back his stock vesting date. He was hired September 28, 2020, and was given

9 stock in lieu of solar sales commissions. His stock vesting date was erroneously recorded later than

10 his actual (annual) vesting date. His actual stock vesting date was September 28, 2021. As such,

11 his first year of stock options should have been paid out on the date of his termination, which was

12 October 13, 2021 (past his one year anniversary date). This means Plaintiff's stock options were

13 vested when he was wrongfully terminated. Plaintiff is informed and believes and thereon alleges

14 this was done so Tesla could avoid paying him and others stock options/benefits/salaries, etc. as

15 promised. Plaintiff was suspiciously terminated just days before the erroneous vesting date lapsed.

16 Plaintiff's correct stock vesting date was September 28, 2021 (he was terminated October 13, 2021).

17 The value of the vested stock on October 13, 2021, was $30,009.96.

18     29.     Plaintiff tried to resolve this dispute with Tesla, and letters were sent to Human

19 Resources and Elon Musk. His E-Trade account, which should have had $30,009.96 worth of stock

20 in it, showed no stock/funds (they were summarily deleted). Due to this suspicious behavior,

21 Plaintiff requested a copy of all documentation related to his employment with Tesla, including but

22 not limited to: all employment records, all termination records, copies of all retirement related

23 documents (stocks/funds in his E-Trade account), his performance records, his sales records, his

24 wage/compensation/benefits records, etc. Plaintiff asked that the deleted funds/stocks ($30,009.96

25 worth) be restored to his E-Trade account. The stocks were not returned, nor was he given the

26 employment records requested. Defendant engaged in conversion.

27     30.     Tesla made major misrepresentations to Plaintiff about stocks and when they vest,

28 Tesla applied an erroneous vesting date and terminated Plaintiff just before it lapsed and the vested

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

1    stock (valued at $30,009.96) was improperly deleted from his E-Trade account.

2        31.    As a proximate result of the breach, Plaintiff has sustained damages in excess of

3    $15,000.00, including but not limited to: lost employment, lost income, lost wages, lost economic

4    advantage, lost business opportunities, lost stocks/stock options, lost benefits, lost earning capacity,

5    lost seniority, and lost bonuses/promotions.

6        32.    As a proximate result of Defendant's breach, Plaintiff has suffered injuries, including

7    but not limited to: emotional distress, mental anguish, lost sleep, headaches, stress, panic attacks,

8    depression, anxiety and other types of emotional or physical injury.

9        33.    As a proximate result of the breach, Plaintiff has been forced to secure inferior

10   employment, for less pay and benefits, with less satisfaction and sense of accomplishment, with

11   work assignments and tasks which require more physical and mental stress.

12       34.    The acts, conduct or omissions as alleged herein constitute intentional, knowing,

13   willful, oppressive, reckless or malicious acts/omissions by Defendants, such as to constitute

14   despicable conduct, or oppression, fraud, conscious disregard or malice and such conduct legally

15   entitling Plaintiff to recover an award of punitive damages.

16       35.    That Plaintiff has secured the services of LAW OFFICES OF NEAL HYMAN in order

17   to prosecute this action and Plaintiff is entitled to reasonable attorney's fees and costs incurred and

18   prejudgment interest.

19       36.    That as a direct result and proximate result of the aforesaid conduct of Defendants,

20   Plaintiff has incurred all of the injuries and damages as alleged herein.

21       37.    Plaintiff incorporates by reference, as if set forth herein, the particular statement of

22   damages described in the prayer for relief.

23                        **V.  SECOND CLAIM FOR RELIEF**

24                            **(Wrongful Termination)**

25       38.    Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this

26   point and incorporate them herein by this reference.

27       39.    Defendants recruited Plaintiff in 2020, and had him terminate employment with

28   Nevada Energy so he could work for Tesla, and he would receive valuable stock periodically.  After

1    he gave his notice at Nevada Energy, Tesla (through Nicole Miles) informed Plaintiff he would not

2    be hired as the employment offer was rescinded (he was not eligible for Covid unemployment

3    benefits). This occurred during the Covid pandemic. He was later recruited (in September 2020)

4    again and hired, and was promised more stock. Due to Plaintiff's prior experience and background

5    with Nevada Energy and other places of employment, he was offered higher salary and more

6    stock/benefits.

7          40.     By February of 2021, Plaintiff was number one for his team in energy with 57 solar

8    sales per month. On March 15, 2021, he was offered to switch over to Tesla vehicle sales while the

9    rest of the Tesla energy team was being forced to relocate to Utah. Six members on Plaintiff's team

10   were weeks away from being paid out on their stock. Those unwilling to relocate were forced to take

11   severance. Plaintiff had not officially accepted a position with auto sales and was offered the

12   relocation paperwork for Utah. His manager (Sal Martinez) was working to ensure he would be able

13   to stay in Las Vegas (Plaintiff's desire). At the time, he was still on the energy side of Tesla and was

14   told to continue working until his transfer went through.

15         41.     Plaintiff's manager (Sal Martinez) wrote on his behalf:

16       Rick has been on my team since September of 2020 as inside sales advisor. His
     growth over that period has been exceptional and should be noticed and commended.
17       He's grown into one of our top order producers since the beginning of 2021. Day to
     day, Rick displays incredible enthusiasm, positivity, and most importantly a strong
18       work ethic which shows as a strong example to his teammates.

19         42.     On October 13, 2021, Plaintiff was wrongfully terminated (along with others) without

20   justification, cause or reason, just days prior to paying him stock. When hired, Plaintiff was

21   promised stock after one year of employment, but Tesla erroneously pushed back his stock vesting

22   date. He was hired September 28, 2020, and was given stock in lieu of solar sales commissions. His

23   stock vesting date was erroneously recorded later than his actual (annual) vesting date. His actual

24   stock vesting date was September 28, 2021. As such, his first year of stock options should have been

25   paid out on the date of his termination, which was October 13, 2021 (past his one year anniversary

26   date). This means Plaintiff's stock options were vested when he was wrongfully terminated.

27   Plaintiff is informed and believes and thereon alleges this was done so Tesla could avoid paying him

28   and others stock options/benefits/salaries, etc. as promised. Plaintiff was suspiciously terminated

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

1  just days before the erroneous vesting date lapsed.  Plaintiff's correct stock vesting date was

2  September 28, 2021 (he was terminated October 13, 2021).  The value of the vested stock on

3  October 13, 2021, was $30,009.96.

4          43.     Plaintiff tried to resolve this dispute with Tesla, and letters were sent to Human

5  Resources and Elon Musk.  His E-Trade account, which should have had $30,009.96 worth of stock

6  in it, showed no stock/funds (they were summarily deleted).  Due to this suspicious behavior,

7  Plaintiff requested a copy of all documentation related to his employment with Tesla, including but

8  not limited to: all employment records, all termination records, copies of all retirement related

9  documents (stocks/funds in his E-Trade account), his performance records, his sales records, his

10  wage/compensation/benefits records, etc.  Plaintiff asked that the deleted funds/stocks ($30,009.96

11  worth) be restored to his E-Trade account.  The stocks were not returned, nor was he given the

12  employment records requested.  Defendant engaged in conversion.

13          44.     Tesla made major misrepresentations to Plaintiff about stocks and when they vest,

14  Tesla applied an erroneous vesting date and terminated Plaintiff just before it lapsed and the vested

15  stock (valued at $30,009.96) was improperly deleted from his E-Trade account.

16          45.     As a proximate result of the wrongful discharge, Plaintiff has sustained damages in

17  excess of $15,000.00, including but not limited to: lost employment, lost income, lost wages, lost

18  economic advantage, lost business opportunities, lost stock/stock options, lost benefits, lost seniority,

19  and lost bonuses/promotions.

20          46.     As a proximate result of the wrongful discharge, Plaintiff has suffered injuries,

21  including but not limited to: emotional distress, mental anguish, stress, anxiety and other types of

22  emotional or physical injury.

23          47.     As a proximate result of the wrongful discharge, Plaintiff has been forced to secure

24  inferior employment, for less pay and benefits, with less satisfaction and sense of accomplishment,

25  with work assignments and tasks which  require more physical and mental stress.

26          48.     The acts, conduct or omissions as alleged herein constitute  intentional, knowing,

27  willful, oppressive, reckless or malicious acts/omissions by Defendants,   such as to constitute

28  despicable conduct, or oppression, fraud, conscious disregard or malice and such conduct legally

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

- 10 -

1  entitling Plaintiff to recover an award of punitive damages.

2        49.    That Plaintiff has secured the services of LAW OFFICES OF NEAL HYMAN in order

3  to prosecute this action and Plaintiff is entitled to reasonable attorney's fees and costs incurred and

4  prejudgment interest.

5        50.    That as a direct result and proximate result of the aforesaid conduct of Defendants,

6  Plaintiff has incurred all of the injuries and damages as alleged herein.

7        51.    Plaintiff incorporates by reference, as if set forth herein, the particular statement of

8  damages described in the prayer for relief.

## VI.  THIRD CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith and Fair Dealing)

11        52.    Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this

12  point and incorporate them herein by this reference.

13        53.    Plaintiff was employed by Defendants from September 28, 2020, to October 13, 2021,

14  when he was terminated just before stock option rights would vest (on September 28, 2021).  In fact,

15  those stock option rights had vested before the alleged vesting date, which was improperly pushed

16  back or set by Defendants.

17        54.    Defendants owed a duty of good faith and fair dealing to Plaintiff arising from the

18  employment contract, which is implied in all contracts/agreements.

19        55.    Defendants unfairly interfered in bad faith with Plaintiff's right to receive the benefits

20  of his employment contract, mainly stock/stock options.

21        56.    As a proximate result of the breach of covenant of good faith and fair dealing,

22  Plaintiff has sustained damages in excess of $15,000.00, including but not limited to: lost

23  employment, lost income, lost wages, lost economic advantage, lost business opportunities, lost

24  benefits, lost earning capacity, lost seniority, lost stock/stock options and lost bonuses/promotions.

25        57.    As a proximate result of the breach of covenant of good faith and fair dealing,

26  Plaintiff has suffered injuries, including but not limited to: emotional distress, mental anguish, stress,

27  anxiety and other types of emotional injury.

28  / / /

- 11 -

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

58.     As a proximate result of the breach of covenant of good faith and fair dealing, Plaintiff has been forced to secure inferior employment, for less pay and benefits, with less satisfaction and sense of accomplishment, with work assignments and tasks which require more physical and mental stress.

59.     The acts, conduct or omissions as alleged herein constitute intentional, knowing, willful, oppressive, reckless or malicious acts/omissions by Defendants, such as to constitute despicable conduct, or oppression, fraud, conscious disregard or malice and such conduct legally entitling Plaintiff to recover an award of punitive damages.

60.     That Plaintiff has secured the services of LAW OFFICES OF NEAL HYMAN in order to prosecute this action and Plaintiff is entitled to reasonable attorney's fees and costs incurred and prejudgment interest.

61.     That as a direct result and proximate result of the aforesaid negligence or tortious conduct of Defendants, Plaintiff has incurred all of the injuries and damages as alleged herein in excess of $15,000.00.

62.     Plaintiff incorporates by reference, as if set forth herein, the particular statement of damages described in the prayer for relief.

## VII.     FOURTH CLAIM FOR RELIEF
### (Conversion)

63.     Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this point and incorporate them herein by this reference.

64.     Plaintiff tried to resolve this dispute with Tesla, and letters were sent to Human Resources and Elon Musk. His E-Trade account, which should have had $30,009.96 worth of stock in it, showed no stock/funds (they were summarily deleted). Due to this suspicious behavior, Plaintiff requested a copy of all documentation related to his employment with Tesla, including but not limited to: all employment records, all termination records, copies of all retirement related documents (stocks/funds in his E-Trade account), his performance records, his sales records, his wage/compensation/benefits records, etc. Plaintiff asked that the deleted funds/stocks ($30,009.96 worth) be restored to his E-Trade account. The stocks were not returned (they were stolen), nor was

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

1  he given the employment records requested.  Defendant engaged in conversion.

2      65.    Tesla made major misrepresentations to Plaintiff about stocks and when they vest,

3  Tesla applied an erroneous vesting date and terminated Plaintiff just before it lapsed and the vested

4  stock (valued at $30,009.96) was improperly deleted from his E-Trade account.

5      66.    Defendant committed a distinct act of dominion wrongfully exerted over Plaintiff's

6  personal property ($30,009.96).

7      67.    The act was in denial of, or inconsistent with, Plaintiff title or rights therein.

8      68.    The act was in derogation, exclusion, or defiance of Plaintiff's title or rights in the

9  personal property.

10     69.    The acts, conduct or omissions as alleged herein constitute  intentional, knowing,

11  willful, oppressive, reckless or malicious acts/omissions by Defendants,   such as to constitute

12  despicable conduct, or oppression, fraud, conscious disregard or malice and such conduct legally

13  entitling Plaintiff to recover an award of punitive damages.

14     70.   That Plaintiff has secured the services of LAW OFFICES OF NEAL HYMAN in order

15  to prosecute this action and Plaintiff is entitled to reasonable attorney's fees and costs incurred and

16  prejudgment interest.

17     71.    That as a direct result and proximate result of the aforesaid negligence or tortious

18  conduct of Defendants, Plaintiff has incurred all of the injuries and damages as alleged herein in

19  excess of $15,000.00.

20     72.    Plaintiff incorporates by reference, as if set forth herein, the particular statement of

21  damages described in the prayer for relief.

VIII.    **FIFTH CLAIM FOR RELIEF**

**(Promissory Estoppel)**

24     73.    Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this

25  point and incorporate them herein by this reference.

26     74.    Plaintiff tried to resolve this dispute with Tesla, and letters were sent to Human

27  Resources and Elon Musk.  His E-Trade account, which should have had $30,009.96 worth of stock

28  in it, showed no stock/funds (they were summarily deleted).  Due to this suspicious behavior,

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

1  Plaintiff requested a copy of all documentation related to his employment with Tesla, including but

2  not limited to: all employment records, all termination records, copies of all retirement related

3  documents (stocks/funds in his E-Trade account), his performance records, his sales records, his

4  wage/compensation/benefits records, etc.  Plaintiff asked that the deleted funds/stocks ($30,009.96

5  worth) be restored to his E-Trade account.  The stocks were not returned, nor was he given the

6  employment records requested.

7       75.    Tesla made promises to Plaintiff about stocks and when they vest, Tesla applied an

8  erroneous vesting date and terminated Plaintiff just before it lapsed and the vested stock (valued at

9  $30,009.96) was improperly deleted from his E-Trade account.

10      76.    Defendant was apprised of the true facts, i.e., that Plaintiff's employment included

11 vested stocks/stock options ($30,009.96), which it denied payment of to Plaintiff.

12      77.    Defendant intended that its conduct (promise of stocks/stock options - $30,009.96 in

13 exchange for Plaintiff's loyal employment for one year) be acted upon, or acted so that Plaintiff

14 believed  it was so intended.

15      78.    Plaintiff was ignorant of the true state of facts, i.e., that he was not vested in

16 stocks/stock options ($30,009.96).

17      79.    Plaintiff relied to his detriment on the conduct of Defendant.

18      80.    The acts, conduct or omissions as alleged herein constitute  intentional, knowing,

19 willful, oppressive, reckless or malicious acts/omissions by Defendants,  such as to constitute

20 despicable conduct, or oppression, fraud, conscious disregard or malice and such conduct legally

21 entitling Plaintiff to recover an award of punitive damages.

22      81.   That Plaintiff has secured the services of LAW OFFICES OF NEAL HYMAN in order

23 to prosecute this action and Plaintiff is entitled to reasonable attorney's fees and costs incurred and

24 prejudgment interest.

25      82.    That as a direct result and proximate result of the aforesaid conduct of Defendants,

26 Plaintiff has incurred all of the injuries and damages as alleged herein in excess of $15,000.00.

27      83.    Plaintiff incorporates by reference, as if set forth herein, the particular statement of

28 damages described in the prayer for relief.

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

### IX    SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment / Quantum Meruit)

84.    Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this point and incorporate them herein by this reference.

85.    Plaintiff conferred a benefit on Defendant by working for it with the understanding he would be vested in stocks/stock options ($30,009.96)  after a one year period, which he met.

86.    Defendant appreciated said benefit.

87.    Defendant accepted and retained said benefit under circumstances such that it would be inequitable for it to retain the benefit without payment of the value thereof.

88.    Plaintiff seeks quantum merit, e.g., $30,009,96+.

89.    Due to the wrongful termination, Plaintiff would have earned more stocks/stock options and/or benefits, compensation, wages, commissions/bonuses, etc.

90.    The acts, conduct or omissions as alleged herein constitute  intentional, knowing, willful, oppressive, reckless or malicious acts/omissions by Defendants,  such as to constitute despicable conduct, or oppression, fraud, conscious disregard or malice and such conduct legally entitling Plaintiff to recover an award of punitive damages.

91.    That Plaintiff has secured the services of LAW OFFICES OF NEAL HYMAN in order to prosecute this action and Plaintiff is entitled to reasonable attorney's fees and costs incurred and prejudgment interest.

92.    That as a direct result and proximate result of the aforesaid negligence or tortious conduct of Defendants, Plaintiff has incurred all of the injuries and damages as alleged herein.

93.    Plaintiff incorporates by reference, as if set forth herein, the particular statement of damages described in the prayer for relief.

### PRAYER FOR RELIEF

94.    Plaintiff repeats and realleges the allegations set forth above as if fully set forth at this point and incorporate them herein by this reference.

**WHEREFORE**, Plaintiff alleges as damages caused by the conduct of Defendants as set forth in the Claims for Relief, and pray for damages and other relief against Defendants, as follows:

1.   For general and special damages in excess of $15,000.00;

2.   For economic losses, including but not limited to lost employment, lost income, lost wages, lost economic advantage, lost business opportunities, lost benefits, lost seniority, lost stock/stock options and lost bonuses/promotions and other incidental and consequential damages in excess of $15,000.00;

3.   For punitive damages in an amount in excess of $15,000.00;

4.   For reasonable attorneys fees, costs, expert costs and expenses, pursuant to statutory law, common law; and the employment contract/agreement;

5.   For such relief as is necessary in excess of $15,000.00, including equitable, declaratory and monetary relief;

6.   For prejudgment interest; and

7.   For any other such relief that the Court deems just and proper.

Dated this 2nd day of October, 2023.

**LAW OFFICES OF NEAL HYMAN**

*/s/ Neal K. Hyman*

By:_____
        NEAL K. HYMAN, ESQ.
        Nevada Bar No. 005998
        9480 S. Eastern Avenue, Suite 224
        Las Vegas, NV 89123
        702 477-0042 (office)
        702 477-0227 (fax)
        neal@nealhyman.com
        www.nealhyman.com
        *Attorneys for Plaintiff*

LAW OFFICES OF NEAL HYMAN
9480 S. Eastern Avenue, Ste. 224, Las Vegas, NV 89123
702 477-0042 / neal@nealhyman.com / nealhyman.com

- 16 -